THE BOROUGH OF ORADELL, A MUNICIPAL CORPORATION OF THE COUNTY OF BERGEN AND STATE OF NEW JERSEY, PROSECUTOR, v. STATE BOARD OF TAX APPEALS, BERGEN COUNTY BOARD OF TAXATION, AND HACKENSACK WATER COMPANY, A CORPORATION OF NEW JERSEY, RESPONDENTS.

Argued May 3, 1939—Decided August 14, 1939.

Before BROGAN, CHIEF JUSTICE, and Justices DONGES and PORTER.

For the prosecutor, *George W. Babcock.*

For the respondent Hackensack Water Co., *Morrison, Lloyd & Morrison* (*William J. Morrison, Jr.*).

PER CURIAM.

*Certiorari* was allowed in this case to review a judgment of the State Board of Tax Appeals dismissing the appeal of the borough of Oradell, county of Bergen. The return to the writ shows an assessment levied on the properties of the Hackensack Water Company for the year 1937 in the amount of $2,654,335, made up by assessment on land, $392,140; improvement, $2,111,349; personal property of $150,846. A reduction in the amount of $475,000 was asked in the petition of appeal, part on land and part on the improvement.

Annexed to the petition of appeal filed with the county board was a statement signed by Fred Mueller, the assessor of the borough of Oradell, saying that the mayor and council of the borough of Oradell had agreed to the reduced valuation as requested and further that he (the assessor) "acquiesced in the adjustment of the appeal," and requested that the County Board of Taxation issue judgment accordingly, which was done.

This petition of appeal, according to the proofs in the depositions, was neither served on the counsel for nor the clerk of the borough. It follows therefore that the county board acquired no jurisdiction whatever for failure of such service of the petition of appeal on those representative officials of the taxing authority, as required by statute—*R. S.* 54:3-21, *et seq.* The judgment of the county board, in the circumstances, was a nullity. The taxing authority, however, appealed to the state board to be met by the objection on the part of the Water Company that the remedy was by *certiorari* only. The state board concluded that that was so; that it had no authority to reverse, review or modify a judgment invalid because of want of jurisdiction in the county board and dismissed the appeal. We think the judgment of the state board was right. See *Mellor* v. *Kaighn*, 89 *N. J. L.* 543, and *Shrewsbury* v. *Merchants Steamboat Co.*, 76 *Id.* 407.

We notice that the writ in this case is directed to the judgment of the State Board of Tax Appeals, the order and determination of the Bergen County Board of Taxation and the Hackensack Water Company, as to its petition of appeal in the first instance. This is erroneous practice. The writ

should take up the last judgment in the case. What preceded it, if pertinent, is properly included in the return. On this technical ground the writ should have been dismissed; but our judgment is for an affirmance of the State Board of Tax Appeals, which results here in a dismissal of the writ, with costs.